```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/4/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MARIO AMILCAR ESTRADA ORELLANA,
and JUAN PABLO GONZALEZ MAYORGA,

Defendants.

19 Cr. 328 (JSR)

JED S. RAKOFF, District Judge:

WHEREAS, the defendants MARIO AMILCAR ESTRADA ORELLANA and JUAN PABLO GONZALEZ MAYORGA have certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pretrial discovery;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with witness safety concerns, the need to protect public safety, the confidentiality of ongoing investigations, and the confidentiality interests of others;

WHEREAS, the discovery materials that the Government intends to provide to the defendants contain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety, pose a threat to witnesses and others, impede ongoing investigations, and implicate the safety, privacy, and confidentiality interests of others;

WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

WHEREAS, the defendants, by their respective counsel, consent to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d):

1. Discovery materials designated as "Protected Materials" by the Government shall be used by the defendants, their respective counsel, and their respective counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons may use the Protected Materials only in connection with this criminal action.

2. The Protected Materials and the information contained or disclosed therein:

   a. Shall be used by the defendants or their respective counsel only for purposes of this criminal action;

   b. Shall not be disclosed in any form or way by the defendants or their respective counsel to any third party except as set forth in paragraphs 2(c) and 3 below;

   c. May be disclosed only by the defendants' counsel and only to the following persons (hereinafter "Designated Persons"):

      i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendants' attorneys;

      ii. independent expert witnesses, investigators, or advisors retained by the defendants in connection with this action; and

      iii. such other persons as hereafter may be authorized by the Court upon such motion by the defendants; and

   d. Shall be returned to the Government following the conclusion of this case.

3. Defense counsel may seek authorization of the Court—including on an *ex parte* basis, where appropriate—to show and when necessary provide certain specified Protected Materials to persons whose access to discovery materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of this case.

4. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraphs 2(c) or 3. Designated Persons shall be subject to the terms of this Order.

5. Discovery materials designated as "Sensitive Materials" by the Government shall be subject to all of the protections and terms set forth in paragraphs 1 through 4. In addition, the defendants are precluded from possessing any Sensitive Materials (or any copies of such materials) in any jail facility, either before, during, or after trial, except that the defendants may review Sensitive Materials in the possession of defense counsel or other staff employed by the defense, when in the presence of defense counsel or other staff employed by the defense.

6. The Government shall designate all materials subject to this protective order in a manner indicating their status as Protected Materials and/or Sensitive Materials. The Government's designation of items as such will be controlling unless and until contrary order of the Court.

7. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this Court in connection with the above-captioned matter.

AGREED AND CONSENTED TO:

_____  _____
Robert A. Feitel, Esq.                                              Date
Attorney for Mario Amilcar Estrada Orellana

AGREED AND CONSENTED TO:

_____  _____
Michael H. Sporn, Esq.                                              Date
Attorney for Juan Pablo Gonzalez Mayorga

SO ORDERED:

_____  _____
THE HONORABLE JED S. RAKOFF                           Date
United States District Judge
Southern District of New York

4

7. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this Court in connection with the above-captioned matter.[1]

AGREED AND CONSENTED TO:

_____      5/31/19
Robert A. Feitel, Esq.                                      Date
Attorney for Mario Amilcar Estrada Orellana

AGREED AND CONSENTED TO:

_____     _____
Michael H. Sporn, Esq.                                     Date
Attorney for Juan Pablo Gonzalez Mayorga

SO ORDERED:

_____     6/3/19
THE HONORABLE JED S. RAKOFF        Date
United States District Judge
Southern District of New York

4