UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES | : |
| v. | :     19-CR-328 (JSR) |
| MARIO AMILCAR ESTRADA ORELLANA | : |
|     Defendant | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION FOR PRETRIAL RELEASE**

The Government opposes the defendant's motion for pretrial release, arguing that the defendant has "extensive connections in Guatemala and elsewhere," which would render him both a flight risk and a danger to the community. Even assuming *arguendo* that the defendant has such "connections," by the Government's own admission they are in Guatemala, while he is located in the United States. The question posed before this Court in the first instance is whether the conditions proposed by the defense – and additional one proposed in this memorandum, would "reasonably assure" his return to Court.

In order to assuage the Government's concerns that the defendant's confederates in Guatemala could assist him to flee the United States (notwithstanding that he has no passport, which is in the Government's custody), in addition to all the other conditions proposed, the defendant will agree that he will not have access to a cellular phone, hard line telephone, computer, or tablet or any other electronic equipment and this condition will be monitored by his custodian. In addition, the defendant will agree not to meet with anyone from Guatemala (including his own family members) while on pre-trial release. If undersigned counsel wants to meet with the defendant, he will travel to New York and conduct the meeting during the limited hours that the defendant would be allowed to leave his residence – and prior to each meeting

1

undersigned will notify both Pretrial Services and the prosecution of the planned meeting. Given that the defendant would be wearing a GPS bracelet, it is a fair question to ask how the totality of the conditions of release the defendant could possibly successfully flee? Moreover, even if the defendant could successfully flee to Guatemala, how would that benefit him? There is an extradition treaty in effect between the United States and Guatemala, so flight would only delay the inevitable and make the resulting punishment all that more severe.

The Government also focuses on what constitutes a very brief set of conversations about committing violence against political rivals to argue that the defendant poses a danger to the community. Undersigned's review of the relevant conversations reveals that the co-defendant was exponentially more involved in this subject, offering to provide weapons and discussing this topic at length. As the Government acknowledges, defendant Estrada expressly renounced any interest in violent actions to the informants. This entire topic was first broached by the informants in this case and remains an invention, without any actual substance. It is an unwarranted jump in logic to assert that as the result of these conversations, the defendant would pose a risk to anyone in the United States – or elsewhere – under the proposed conditions of release.

Finally, the Government also notes that there were a large number of conversations about moving monies back to Guatemala. Indeed, many – if not most - of the conversations involving defendant Estrada focused on money movement. In that regard, while the circumstances are not identical, it is noteworthy that in the case of *United States v. Yankel Rosenthal,* 13 Cr. 413 (JGK), who was described as operating "a sophisticated money-laundering operation with the leaders of the largest and most violent drug-trafficking organization in Honduras," the Government agreed to pretrial release. See DE 28.

In the final analysis, even though the defense is not obliged to prove to a certainty that the conditions will assure the defendant's return to Court, we have proposed conditions which will almost certainly guarantee that. The defendant would also be available to directly promise this Court that he will abide by these conditions if release is granted.

Respectfully submitted,

*Robert Feitel*

Robert Feitel
1300 Pennsylvania Avenue, N.W.
Washington, D.C.  20008
202 450-6133 (office)
202 255 6637 (cellular)
RF@RFeitelLaw.com
counsel for defendant Mario Estrada

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion For Pretrial Release was sent via the ECF system to Jason Richmond and Matthew Laroche, Assistant United States Attorneys for the Southern District of New York 1 St. Andrews Plaza, Manhattan, N.Y., this 8th day of July, 2019.

*Robert Feitel*
_____
Robert Feitel