JA8HESTP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 Cr. 328 (JSR)

MARIO AMILCAR ESTRADA ORELLANA,

                                        Plea
                Defendant.

------------------------------x
                                        New York, N.Y.
                                        October 8, 2019
                                        11:00 a.m.

Before:

                    HON. JED S. RAKOFF,

                                        District Judge


                        APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
MATTHEW LaROCHE
     Assistant United States Attorney

ROBERT A. FEITEL
     Attorney for Defendant

Also present:   James Hontoria, Interpreter (Spanish)
```

1              (Case called)
2              MR. LAROCHE:  Good morning, your Honor.  Matt LaRoche,
3     for the government.
4              THE COURT:  Good morning.
5              MR. FEITEL:  Good morning, your Honor.  Robert Feitel,
6     for Mr. Estrada who's here.  I believe that they've tested the
7     translation equipment, and it's working.
8              THE COURT:  Very good.  My understanding is that the
9     defendant wishes to withdraw his previously entered plea of not
10    guilty and enter a plea of guilty.  Is that right?
11             MR. LAROCHE:  Yes, your Honor.  With the Court's
12    permission, I'd like to pass up the signed plea agreement.
13             THE COURT:  Yes.
14             MR. LAROCHE:  Thank you.
15             THE DEPUTY CLERK:  Shall I swear in the witness?
16             THE COURT:  Yes.  Hang on just one second.
17             THE DEPUTY CLERK:  Would the defendant please rise and
18    raise your right hand.
19             (Defendant sworn)
20             THE COURT:  Please be seated.
21             So let me first advise you that because you're under
22    oath, anything you say that is knowingly false could subject
23    you to punishment for perjury or obstruction of justice or the
24    making of false statements.
25             Do you understand?

|   |   |
|---|---|
| 1 | THE DEFENDANT:  Yes, I understand. |
| 2 | THE COURT:  Where are you from originally? |
| 3 | THE DEFENDANT:  Guatemala, Central America. |
| 4 | THE COURT:  Are you an American citizen? |
| 5 | THE DEFENDANT:  No. |
| 6 | THE COURT:  How old are you? |
| 7 | THE DEFENDANT:  59 years, your Honor. |
| 8 | THE COURT:  How far did you go in school? |
| 9 | THE DEFENDANT:  I graduated as an industrial engineer. |
| 10 | THE COURT:  Have you ever been treated by a |
| 11 | psychologist or psychiatrist? |
| 12 | THE DEFENDANT:  No, your Honor. |
| 13 | THE COURT:  Have you ever been hospitalized for any |
| 14 | mental illness? |
| 15 | THE DEFENDANT:  No, your Honor. |
| 16 | THE COURT:  Have you ever been treated or hospitalized |
| 17 | for alcoholism? |
| 18 | THE DEFENDANT:  No, your Honor. |
| 19 | THE COURT:  Have you ever been treated or hospitalized |
| 20 | for drug addiction? |
| 21 | THE DEFENDANT:  No, your Honor. |
| 22 | THE COURT:  Are you currently under the care of a |
| 23 | physician for any reason? |
| 24 | THE DEFENDANT:  No, your Honor. |
| 25 | THE COURT:  In the last 24 hours, have you taken any |

1  pill or medicine of any kind?
2          THE DEFENDANT:  No, your Honor.
3          THE COURT:  Is your mind clear today?
4          THE DEFENDANT:  Yes, your Honor.
5          THE COURT:  Do you understand these proceedings?
6          THE DEFENDANT:  Yes.
7          THE COURT:  On the basis of the defendant's responses
8  to my questions and my observations of his demeanor, I find he
9  is fully competent to enter an informed plea at this time.
10         Now, you have the right to be represented by counsel
11 at every stage of these proceedings.  Do you understand that?
12         THE DEFENDANT:  Yes, your Honor.
13         THE COURT:  If at any time you can't afford counsel,
14 the Court will appoint one to represent you free of charge
15 throughout these proceedings.  Do you understand that?
16         THE DEFENDANT:  Yes, your Honor.
17         THE COURT:  You're represented by Mr. Feitel.
18         Mr. Feitel, are you retained or appointed?
19         MR. FEITEL:  I'm retained, your Honor.
20         THE COURT:  Mr. Orellana, have you had a full
21 opportunity to discuss this matter with Mr. Feitel?
22         THE DEFENDANT:  Yes, your Honor.
23         THE COURT:  Have you told him everything you know
24 about this matter?
25         THE DEFENDANT:  Yes, your Honor.

JA8HESTP

1    THE COURT:  Are you satisfied with his representation
2 of you?
3    THE DEFENDANT:  I'm satisfied, your Honor.
4    THE COURT:  Now, you previously entered a plea of not
5 guilty to indictment 19 Cr. 328, but I understand you now wish
6 to plead guilty to Count One of that indictment in satisfaction
7 of the indictment.  Is that correct?
8    THE DEFENDANT:  Yes, your Honor.
9    THE COURT:  Before I can accept any plea of guilty, I
10 need to make certain that you understand the rights that you
11 will be giving up if you plead guilty, so I want to go over
12 with you now the rights that you will be giving up.  Do you
13 understand?
14    THE DEFENDANT:  Yes, your Honor.
15    THE COURT:  First, you have a right to a speedy and a
16 public trial by a jury on the charges against you.  Do you
17 understand that?
18    THE DEFENDANT:  Yes, I understand.
19    THE COURT:  Second, if there were a trial, you would
20 be presumed innocent, and the government would be required to
21 prove your guilt beyond a reasonable doubt before you could be
22 convicted of any charge.  Do you understand that?
23    THE DEFENDANT:  Yes, your Honor.
24    THE COURT:  Third, at the trial you would have the
25 right to be represented by counsel, and once again, if at any

1   time you could not afford counsel, the Court would appoint one
2   to represent you free of charge throughout the trial and all
3   other proceedings.  Do you understand that?
4             THE DEFENDANT:  Yes, your Honor.
5             THE COURT:  Fourth, at the trial, you would have the
6   right to see and hear all the witnesses and other evidence
7   against you, and your attorney could cross-examine the
8   government's witnesses and object to the government's evidence
9   and could offer evidence on your own behalf, if you so desired,
10  and could have subpoenas issued to compel the attendance of
11  witnesses and other evidence on your behalf.  You understand
12  all that?
13            THE DEFENDANT:  Yes, your Honor.
14            THE COURT:  Fifth, at the trial you would have the
15  right to testify if you wanted to, but no one could force you
16  to testify if you did not want to, and no suggestion of guilt
17  could be drawn against you simply because you chose not to
18  testify.  Do you understand that?
19            THE DEFENDANT:  Yes, your Honor.
20            THE COURT:  Finally, even if you were convicted, you
21  would have the right to appeal your conviction.  Do you
22  understand that?
23            THE DEFENDANT:  Yes, your Honor.
24            THE COURT:  Now, do you understand that if you plead
25  guilty, you will be giving up each and every one of the rights

1  we just discussed?  Do you understand that?
2          THE DEFENDANT:  Yes, your Honor.
3          THE COURT:  Very good.  Now, you are charged in Count
4  One of the indictment with a conspiracy, in other words, an
5  agreement between you and at least one other person, to import
6  more than five kilograms of cocaine into the United States and
7  to manufacture and distribute five kilograms and more of
8  cocaine, knowing and intending that it would be unlawfully
9  imported into the United States.
10          Have you gone over that charge with your counsel?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT:  Do you understand the charge against you?
13          THE DEFENDANT:  Yes, your Honor.
14          THE COURT:  Has it been read to you in Spanish?
15          THE DEFENDANT:  Yes, your Honor.
16          THE COURT:  Mr. Feitel, do you want it read again in
17  open court, or do you waive the public reading?
18          MR. FEITEL:  Your Honor, we waive the public reading.
19          The plea in this case was to a lesser included
20  offense.
21          THE COURT:  I'm sorry.  Thank you for bringing that to
22  my attention.
23          Going back to you, Mr. Orellana, the government has
24  agreed to accept a plea to the lesser included offense of
25  participating in a conspiracy to import 500 grams and more of

1  cocaine in the U.S. and to manufacture and distribute 500 grams
2  and more of cocaine, knowing and intending that it be
3  unlawfully imported into the United States.
4       So you understand that it's that lesser offense that
5  you have agreed to plead guilty to, yes?
6       THE DEFENDANT:  Yes, your Honor.
7       THE COURT:  Now, that offense carries a maximum term
8  of 40 years' imprisonment, with a mandatory minimum term of
9  five years' imprisonment, plus a fine of whichever is greatest,
10 either $5 million or twice the amount of money derived from the
11 conspiracy or twice the gain derived from the conspiracy, plus
12 up to lifetime supervised release following imprisonment with a
13 mandatory minimum of four years' supervised release, plus a
14 $100 mandatory special assessment.
15      Do you understand those are the maximum and mandatory
16 minimum punishments you face if you plead guilty to this lesser
17 included offense?
18      THE DEFENDANT:  Yes, your Honor.
19      THE COURT:  Also, if I were to impose a term of
20 supervised release and you were to violate any of the
21 conditions of supervised release, that violation in and of
22 itself could subject you to still further imprisonment going
23 even beyond the term of supervised release.  Do you understand
24 that?
25      THE DEFENDANT:  Yes, your Honor.

1           THE COURT:  Now, of course, at this point in time, I
2    have no idea what sentence I will impose in your case, but one
3    of the things I will look at are the sentencing guidelines
4    which set a suggested range in which the Court may sentence
5    you, although I'm not required to do so.
6           Have you gone over the sentencing guidelines with your
7    lawyer?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  In that regard, I have been furnished with
10   a letter agreement which we'll now mark as Court Exhibit 1 to
11   today's proceeding and takes the form of a letter dated
12   September 23, 2019, from defense counsel -- excuse me, from
13   government counsel to defense counsel.
14          It appears, Mr. Orellana, that you signed it earlier
15   today.  Is that right?
16          THE DEFENDANT:  Yes your Honor.
17          THE COURT:  Before signing it, was it read to you in
18   Spanish?
19          THE DEFENDANT:  Yes, your Honor.
20          THE COURT:  Did you discuss it with your lawyer?
21          THE DEFENDANT:  Yes, your Honor.
22          THE COURT:  Did you understand its terms?
23          THE DEFENDANT:  Yes, that's the case.
24          THE COURT:  Did you sign it in order to indicate your
25   agreement to its terms?

1             THE DEFENDANT:  Yes, your Honor.

2             THE COURT:  Now, this letter agreement, which we've
3    now marked as Court Exhibit 1, is binding between you and the
4    government, but it is not binding on me.  It is not binding on
5    the Court.  Do you understand?

6             THE DEFENDANT:  Yes, your Honor.

7             THE COURT:  For example, you and the government have
8    stipulated that the guideline range is 210 to 262 months.  I
9    may agree with that calculation or I may disagree with that
10   calculation.  Even if I agree with it, I may sentence you to
11   more or less or anywhere in between, and regardless of where I
12   come out, if you plead guilty, you will still be bound by my
13   sentence.  Do you understand that?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  Of course, there is a mandatory minimum
16   sentence of 60 months that I will have to impose no matter
17   what.  Do you understand that?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  Now, under your agreement with the
20   government, if I impose a sentence within the guidelines or
21   less, you have agreed not to appeal or otherwise attack your
22   sentence.  Do you understand that?

23            THE DEFENDANT:  Yes, your Honor.

24            THE COURT:  Then does the government represent that
25   this letter agreement that we've now marked as Court Exhibit 1

JA8HESTP

1   is the entirety of any and all agreements between the
2   government and this defendant?
3            MR. LAROCHE:  Yes, your Honor.
4            THE COURT:  Does defense counsel confirm that is
5   correct?
6            MR. FEITEL:  Yes, your Honor.
7            THE COURT:  Does the defendant confirm that is
8   correct?
9            THE DEFENDANT:  Yes, your Honor.
10           THE COURT:  Mr. Orellana, other than the government,
11  has anyone else made any kind of promise to you or offered you
12  any inducement to get you to plead guilty?
13           THE DEFENDANT:  No, your Honor.
14           THE COURT:  Has anyone threatened or coerced you in
15  any way to get you to plead guilty?
16           THE DEFENDANT:  No, your Honor.
17           THE COURT:  Does the government represent that if this
18  case were to go to trial, it would have competent evidence to
19  prove every essential element of this charge beyond a
20  reasonable doubt?
21           MR. LAROCHE:  Yes, your Honor.
22           THE COURT:  Does the defense know of any valid defense
23  that would prevail at trial or any other reason why his client
24  should not plead guilty?
25           MR. FEITEL:  I always hesitate to say there's no valid

1    defenses.  We discussed these amongst ourselves, and
2    Mr. Estrada, I think, has made a principled decision to plead
3    guilty to the charge in this case, to the lesser included
4    offense in Count One, and Count Two will be dismissed.
5             Is that sufficient for your Honor's purposes?
6             THE COURT:  Maybe.
7             MR. FEITEL:  In my assessment of the evidence, your
8    Honor, there's no defense we haven't discussed.  There's no
9    absolute defense to the charge.  Have I --
10            THE COURT:  There's no claim by your client that he's
11   actually innocent?
12            MR. FEITEL:  No, there's none whatsoever.
13            THE COURT:  Whatever defenses you had was in the
14   nature of legal defenses?
15            MR. FEITEL:  And on the facts as well oftentimes.
16            THE COURT:  All right.  So, Mr. Orellana, tell me in
17   your own words what it is you've done that makes you guilty of
18   this offense.  You don't have to stand up.
19            THE DEFENDANT:  At this time I'm pleading guilty of
20   having conspired with members of a drug cartel.  In order -- I
21   conspired with them in order for -- to allow them to transport
22   500 grams or more of cocaine into the United States.
23            THE COURT:  What was your role?
24            THE DEFENDANT:  I provided them with the names of key
25   individuals that would allow them to perform this operation.

1    THE COURT:  And you were going to get money in return?
2    THE DEFENDANT:  I was very clear that I was not going
3    to get any part of the proceeds itself, but before doing so,
4    they were going to give me a certain amount of money.
5    THE COURT:  How much?
6    THE DEFENDANT:  The discussion was about three to
7    $5 million.
8    THE COURT:  All right.  And you knew when you did all
9    this that what you were doing was illegal and wrong, yes?
10   THE DEFENDANT:  At the time when we were discussing me
11   providing the names of individuals in public, official
12   positions, I didn't realize at that moment the magnitude of the
13   crime.  Later on I realized that I had committed an error, and
14   I accept the responsibility for that.
15   THE COURT:  Let's go back to when you actually
16   committed the crime.  As I understand it, you knew that the
17   purpose of this conspiracy was to import cocaine into the
18   United States, yes?
19   THE DEFENDANT:  Yes.  At the time we started the
20   conversations, yes, I knew that.
21   THE COURT:  And you knew that the reason you were
22   going to get money was that you were providing names of people
23   who could assist in that conspiracy, yes?
24   THE DEFENDANT:  Yes, that is the case, your Honor.
25   THE COURT:  So you knew even then that what you were

JA8HESTP

1   doing was illegal and wrong, yes?
2            THE DEFENDANT:  Yes, your Honor.
3            THE COURT:  All right.  Is there anything else
4   regarding the factual portion of the allocution that the
5   government wishes the Court to inquire about?
6            MR. LAROCHE:  Yes, your Honor, one question just to
7   clarify.  One of the individuals with whom the defendant
8   conspired was his codefendant, and the reason for the question
9   is because the individuals who are part of the "cartel" were
10  actually confidential sources acting at the direction of the
11  government.  We wanted to clarify that one of the individuals
12  with whom he agreed was the codefendant.
13           THE COURT:  That one of the individuals -- I'm sorry.
14  I'm having a trouble following you.  That one of the
15  individuals was?
16           MR. LAROCHE:  With whom the defendant conspired, your
17  Honor, was his codefendant.
18           THE COURT:  I see.
19           MR. LAROCHE:  Juan Pablo Gonzalez.
20           THE COURT:  So was one of the individuals with whom
21  you were conspiring Mr. Juan Pablo Gonzalez Mayorga?
22           THE DEFENDANT:  Yes, your Honor.
23           THE COURT:  Very good.  Anything else?
24           MR. LAROCHE:  No.  Thank you, Judge.
25           THE COURT:  Anything else regarding any portion of the

1  allocution that either the government or the defense counsel
2  wishes the Court inquire about before I ask the defendant to
3  formally enter his plea?
4              MR. LAROCHE:  No, your Honor.  Thank you.
5              THE COURT:  Anything from the defense?
6              MR. FEITEL:  No, sir.
7              THE COURT:  So Mr. Orellana, in light of everything
8  we've now discussed, how do you now plead to the lesser
9  included offense under Count One of indictment 19 Cr. 328,
10 guilty or not guilty?
11             THE DEFENDANT:  Guilty, your Honor.
12             THE COURT:  Because the defendant has acknowledged his
13 guilt as charged, because he's shown that he understands his
14 rights, and because his plea is entered knowingly and
15 voluntarily and supported by an independent basis in fact
16 containing each of the essential elements of the offense, I
17 accept his plea and adjudge him guilty of the lesser included
18 offense to Count One to indictment 19 Cr.  328.
19             Now, the next stage in this process is that the
20 probation office will prepare what's called a presentence
21 report to assist me in determining sentence, and as part of
22 that you will be interviewed by the probation officer.  You can
23 have your counsel present, of course, to advise you of your
24 rights, but under my practices, you personally need to answer
25 the question put to you by the probation officer.

1          Do you understand?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  After that report is in draft form but
4  before it's in final form, you and your counsel, also
5  government counsel, will have a chance to review it and to
6  offer suggestions, corrections, and additions to the probation
7  officer who will then prepare the report in final that comes to
8  me.

9          Independently of that, counsel for both sides are
10 hereby given leave to submit directly to the Court in writing
11 any and all materials bearing on any aspect of sentence,
12 provided those materials are submitted no later than one week
13 before sentence.

14         We will put the sentence down for?

15         THE DEPUTY CLERK:  Friday, January 24, at 11:00.

16         THE COURT:  Friday, January 24, at 11:00 a.m.

17         All right.  Very good.  Anything else we need to take
18 up today?

19         MR. LAROCHE:  No, your Honor.  Thank you.

20         THE COURT:  Anything else from the defense?

21         MR. FEITEL:  I want to thank your Honor for your time.
22 I want to mention now, before your Honor sees it in the
23 pleadings, in this agreement there is a carve-out that the
24 government and defense agreed to that allows the defendant to
25 argue that the safety valve is applicable in this case.  So

JA8HESTP

1  there will be some -- I know that no one wants to read a really
2  laboriously long --
3          THE COURT: As far as I'm concerned, this letter
4  agreement is not binding on the Court. As far as I'm
5  concerned, you can argue any and everything you want to argue.
6  I place no limitations on that. To the extent that the
7  agreement between you and the government places limitations on
8  that, too bad for the government. You can argue anything you
9  want.
10         MR. FEITEL: Thank you very much, your Honor.
11         I try to comport myself in agreement with what we've
12 signed as a matter of professional --
13         THE COURT: I understand that, and it's probably a
14 good idea. But nevertheless, as far as I'm concerned, I want
15 to know everything I need to know to have a fair sentence, and
16 so anything you want to bring to my attention is fine.
17         MR. FEITEL: Thank you, your Honor.
18         I'll see you in January, but we'll be submitting
19 materials more than a week before then.
20         THE COURT: Very good. Thanks a lot.
21         All right. Let's call the next matter.
22         (Adjourned)