USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/12/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| MARIO AMILCAR ESTRADA ORELLANA | 19 CR 328 (JSR) |
| Defendant. | |

------------------------------X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated: New York, New York
January 29, 2020

Jerome White
Deputy Field Office Director
Enforcement and Removal Operations
United States Immigration and
Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

MARIO AMILCAR ESTRADA ORELLANA

Defendant.

------------------------------X

NOTICE OF INTENT TO
REQUEST JUDICIAL
REMOVAL

19 CR 328 (JSR)

NOTICE IS HEREBY GIVEN TO MARIO AMILCAR ESTRADA ORELLANA ("the defendant") and to his attorney of record, Robert Feitel, Esq., that upon conviction of the defendant for violation of Title 21 United States Code, Sections 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(2)(B), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:  New York, New York
        January 30, 2020

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
Jason Richman
Assistant United States Attorney

_____
Matthew Laroche
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

MARIO AMILCAR ESTRADA ORELLANA

Defendant.

------------------------------X

NOTICE OF INTENT TO
REQUEST JUDICIAL
REMOVAL

19 CR 328 (JSR)

NOTICE IS HEREBY GIVEN TO MARIO AMILCAR ESTRADA ORELLANA ("the defendant") and to his attorney of record, Robert Feitel, Esq., that upon conviction of the defendant for violation of Title 21 United States Code, Sections 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(2)(B), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:  New York, New York
        January 30, 2020

                                    GEOFFREY S. BERMAN
                                    United States Attorney
                                    Southern District of New York

                            By:     _____
                                    Jason Richman
                                    Assistant United States Attorney

                                    _____
                                    Matthew Laroche
                                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

MARIO AMILCAR ESTRADA ORELLANA

Defendant.

------------------------------X

FACTUAL ALLEGATIONS IN
SUPPORT OF JUDICIAL
REMOVAL

19 CR 328 (JSR)

NOTICE IS HEREBY GIVEN TO MARIO AMILCAR ESTRADA ORELLANA ("the defendant") and to his attorney of record, Robert Feitel, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Guatemala and a citizen of Guatemala.

3. The defendant was admitted into the United States as a nonimmigrant visitor pursuant to a B-2 visa at or near Miami, Florida, on or about April 17, 2019, with a period of authorized admission until October 16, 2019.

4. The defendant remained in the United States beyond October 16, 2019, without authorization from the Department of Homeland Security.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of Participating in a Conspiracy to Import 500 grams and more of Cocaine into the United States; and to Manufacture and Distribute 500 grams and more of Cocaine, knowing and intending that it would be unlawfully

imported into the United States, in a violation of Title 21 United States Code, Sections 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(2)(B).

6. The maximum sentence for violations of Title 21, United States Code, Sections 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(2)(B) is a term of imprisonment of 40 years.

7. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: (1) Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA" or the "Act"), as amended, 8 U.S.C. § 1227(a)(1)(B), as a person who after admission as a nonimmigrant under Section 101(a)(15) of the Act, remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States, (2) Section 237(a)(2)(B)(i) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(B)(i), as a person who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) other than a single offense involving possession for one's own use of 30 grams or less of marijuana, (3) Section 237(a)(2)(A)(iii) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as a person who is convicted of an aggravated felony at any time after admission as defined in section 101(a)(43)(B) of the Act, illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18), and (4) Section 237(a)(2)(A)(iii) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as a person who is convicted of an aggravated felony at any time after admission as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act.

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States

of America requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to Guatemala.

Dated:     New York, New York
            January 30, 2020

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
Jason Richman
Assistant United States Attorney

_____
Matthew Laroche
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

MARIO AMILCAR ESTRADA ORELLANA

Defendant.

------------------------------X

DEFENDANT'S PLEA
STATEMENT IN
SUPPORT OF
JUDICIAL
REMOVAL

19 CR 328 (JSR)

MARIO AMILCAR ESTRADA ORELLANA, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is MARIO AMILCAR ESTRADA ORELLANA.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated January 30, 2020. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated January 30, 2020. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Robert Feitel, Esq. After consultation with counsel and understanding the legal

consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to: (1) Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA" or the "Act"), as amended, 8 U.S.C. § 1227(a)(1)(B), as a person who after admission as a nonimmigrant under Section 101(a)(15) of the Act, remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States, (2) Section 237(a)(2)(B)(i) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(B)(i), as a person who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) other than a single offense involving possession for one's own use of 30 grams or less of marijuana, (3) Section 237(a)(2)(A)(iii) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as a person who is convicted of an aggravated felony at any time after admission as defined in section 101(a)(43)(B) of the Act, illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18), and (4) Section 237(a)(2)(A)(iii) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as a person who is convicted of an aggravated felony

at any time after admission as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Guatemala, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Guatemala, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution

of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Guatemala, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

2/14/20
Date

Defendant's Signature

2/14/20
Date

Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against -

MARIO AMILCAR ESTRADA ORELLANA

    Defendant.

------------------------------X

ORDER OF
JUDICIAL
REMOVAL

19 CR 328 (JSR)

Upon the application of the United States of America, by Jason Richman and Matthew Laroche, Assistant United States Attorneys, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of MARIO AMILCAR ESTRADA ORELLANA ("the defendant") and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Guatemala and a citizen of Guatemala.

3. The defendant was admitted into the United States as a nonimmigrant visitor pursuant to a B-2 visa at or near Miami, Florida, on or about April 17, 2019, with a period of authorized admission until October 16, 2019.

4. The defendant remained in the United States beyond October 16, 2019, without authorization from the Department of Homeland Security.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of Participating in a

Conspiracy to Import 500 grams and more of Cocaine into the United States; and to Manufacture and Distribute 500 grams and more of Cocaine, knowing and intending that it would be unlawfully imported into the United States, in a violation of Title 21 United States Code, Sections 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(2)(B).

6. The maximum sentence for violations of Title 21, United States Code, Sections 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(2)(B) is a term of imprisonment of 40 years.

7. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: (1) Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA" or the "Act"), as amended, 8 U.S.C. § 1227(a)(1)(B), as a person who after admission as a nonimmigrant under Section 101(a)(15) of the Act, remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States, (2) Section 237(a)(2)(B)(i) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(B)(i), as a person who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) other than a single offense involving possession for one's own use of 30 grams or less of marijuana, (3) Section 237(a)(2)(A)(iii) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as a person who is convicted of an aggravated felony at any time after admission as defined in section 101(a)(43)(B) of the Act, illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18), and (4) Section 237(a)(2)(A)(iii) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as a person who is convicted of an aggravated felony at any time after admission as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act.

8. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Guatemala.

Dated: New York, New York
2/11, 2020

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE