UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARIO ALMICAR ESTRADA ORELLANA, | § | CRIMINAL ACTION |
| Petitioner, | § | Case No. 19-CR-328 (JSR) |
| | § | USM No. 18096-104 |
| | § | Honorable Judge Jed S. Rakoff |
| v. | § | |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | / | |

PETITIONER MARIO ALMICAR ESTRADA ORELLANA'S REPLY TO GOVERNMENT RESPONSE IN OPPOSITION TO PETITIONER COMPASSIONATE RELEASE UNDER SECTION 3582(c)(1)(A)(i) FOR EXTRAORDINARY AND COMPELLING REASONS

COMES NOW MARIO ALMICAR ESTRADA ORELLANA, here in after ("Almicar" or the "Petitioner") and files his Reply to the Government's Response in opposition to Almicar's motion Section 3582(c)(1)(A)(i) for a compassionate release under the extraordinary and compelling reasons presented to this Honorable Judge by the Petitioner in this case.

Almicar is proceeding prose in necessity to Green v. Henderson, 89 F.3d 75, 79 (2nd Cir. 1996)(prose litigants are generally entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments they suggest); also see Haines v. Kerner, 404 U.S. 510-520 (1972), humbly and respect[fully]...requests that this Honorable Judge GRANT this mottion.

The argument made by the Government's Response in opposition can be summarized as follows:

1. The defendant failed to exhaust his administrative remedies.

2. The defendant does not qualify under Amendment 821.

3. The defendant has not show extraordinary and compelling reasons justifying early release.

4. The Section 3553(a) factors weigh heavily against release.

None of the Government's issues in response to opposition have merit.

1. The petitioner exhausted his administrative remedies.

Section 3582(c)(1)(A) mandates that a defendant may seek compassionate release only after "[he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

The government argued that petitioner attaches to his motion a purported letter to the warden of his facility, the Bureau of Prisons has informed the government that it has no record of any compassionate release request from the defendant. Thus, the government in opposition argued the petitioner has not exhausted his administrative remedies, and the Court should deny the motion for compassionate release on this basis, standing alone.

On June 6, 2024 on 11:10 AM the petitioner together with inmate Alejandro Sandoval Reg. 18644-030, spoke with Mr. Higgins the Unit Manager from Niagara Unit, F.C.I. Ray Brook and gave him the Warden Request, under the inmate request to staff. See exhibit A attached

2.

to this motion.

The Second Circuit language require the "lapse" of passage of 30 days without BOP action on the request. Petitioner gave Mr. Higgins Niagara Unit Manager the Warden Request because this is the proceeding in this Federal Facility. One the petitioner gave Mr. Higgins the Inmate Request to Staff under the compassionate release to the warden and the warden did not respond, the 30 days lapsed since petitioner gave Mr. Higgins his request on June 18, 2024. Petitioner filed his compassionate release on July 22, 2024, the 30 days was completed without the BOP action on the request. See United States v. Schultz, No. 17-CR-193S, 2020 U.S. Dist. LEXIS 66512, 2020 WL 1872352, at *5 (W.D.N.Y. Apr. 12, 2020)("Congress already accounted for a common exception to exhaustion-futility-by implementing 30-day lapse provision, thereby affording inmates access to judicial review if the Bureau of Prisons fails to act on motions to reduce sentence within 30 days of receiving them."); see also United States v. Cassidy, No. 17-CR-116S, 2020 U.S. Dist. LEXIS 72439, 2020 WL 1969303, at *4 (W.D.N.Y. Apr. 24, 2020)(describing the condition as requiring that "the warden of the facility take[] no action on the request within 30 days of receiving it"); Radabi, 2020 U.S. Dist. LEXIS 65199, 2020 WL 1862640, at *3 (S.D.N.Y. Apr. 14, 2020)(stating that the exception to exhaustion in section 3582(c)(1)(A) "provides that Defendants can bypass exhaustion altogether if the warden fails to act on an administrative application for compassionate release within 30 days"); United States v. Gileno, No. 3:19-CR-161-(VAB)-1 448 F. Supp. 3d 183, 2020 U.S. Dist. 47590, 2020 WL 1307108, at *3 (D.

3.

Conn. Mar. 19, 2020)("As a threshold matter, Mr. Gileno has not satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then show that thirty days have passed without any BOP action. As a result, the Court cannot consider his motion to modify sentence."); Gotti, 433 F. Supp 3d 614, 2020 U.S. Dist. LEXIS 8612, 2020 WL 497987, at *1 (stating that the condition would be satisfied "assuming the Director fails to act on the inmate's request within 30 days"); United States v. Bolino, No. 06-CR-0806 (BMC), 2019 U.S. Dist. LEXIS 223321, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020)(A defendant "must exhaust her administrative remedies before seeking judicial relief, or she must show that she submitted a request for compassionate release and that 30 days have lapsed since the request was submitted without action by the BOP." (citing United States v. Hassan, No. Cr-10-187, 2019 U.S. Dist. LEXIS 221104, 2019 WL 6910068, at *1 (D. Minn. Dec. 19, 2019)). This latter interpretation would give petitioner right that his exhausted his 30 days for judicial review if the BOP fails to act.

Petitioner in this proceeding exhausted his 30 days.

2. The petitioner does not qualify under Amendment 821.

The government's response in opposition argued that petitioner does no qualify under Amendment 821 because he was involved in violence or credible threats of violence in connection with the offense.

The petitioner argues that to disqualify him to receiving the benefit under Amendment 821, the government need to prove that he

4.

"was involved in violence in the offense". The § 4C1.1(a)(3) say the follows:

The defendant did no use violence or credible threats of violence in connection with the offense.

The § 4C1.1(a)(7) say the as follows:

The defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

The government argued that the petitioner fails to qualify because his offense involved "violence credible". The language under § 4C1.1(a)(3) is contradictory because the petitioner did not "use any violence in the offense" is no part in the court record that petitioner was involved in using violence, so because petitioner also did not possess any weapong during the offense, this court need to be persuasive and find that petitioner amendment 821 should apply under the circumstances in this case. Petitioner accepted a guilty plea which his mandatory minimum was 60 months. This honorable judge sentenced the petitioner in this case to 180 under the sentencing guideline range offense level 37, criminal history I.

Petitioner argues that the application under the Amendment 821 will be reduce his sentence if the court consider the application under the safety valve and the mandatory minimum in this case was 60 months.

Petitioner's sentence is a product the "gross disparity" or "unusually long sentence" that petitioner received. Defendant from

5.

the Second Circuit with the same offense level 37 and criminal history I, received more lesser time imprisonment than petitioner in this case. See United States v. Lemus Castro, 2024 U.S. Dist. LEXIS 129543, Case No. 21-CR-287-01 (AT) (S.D.N.Y. July 23, 2024)(the defendant in this case received 96 months to the same offense that petitioner was sentenced); see also United States v. Eddy Alexander, 2024 U.S. Dist. LEXIS 62546, Case No. 22-CR-326 (JPC) (S.D.N.Y. Apri. 4, 2024)( the defendant in this case received 120 months with the same offense that petitioner was sentenced); United States v. Astaiza, 2024 U.S. Dist. LEXIS 40488, Case No. 16-CR-661-2 (ARR) (E.D.N.Y. March 7, 2024)(the defendant in this case received 101 months under a plea guilty to international cocaine distribution.

Mr. Almicar was sentenced to 180 months with the same offense and with the same criminal history in comparison with those cases from the same circuit that Mr. Almicar was sentenced.

Petitioner argues that he received a unusually long sentence that those defendant, this is a gross disparity, because if Mr. Almicar receive the full benefit from the safety valve application and taking in consideration the amendment 821 to reduce Mr. Almicar offense level, Mr. Almicar can receive a more lesser sentence if he were sentenced today, then he can receive a reduction sentence and he can be release to take care his mother.

Mr. Almicar did not commit any "violence or credible threat of violence in United States. So because the petitioner in this case exhausted correctly his 30 days remedies, this honorable judge has jurisdiction to screen Mr. Almicar's motion for compassionate,

6.

3. The petitioner has show extraordinary and compelling reasons justifying early release.

---

The government's response in opposition argued that the defendant has not show extraordinary and compelling reason justifying early release. The petitioner in this case argued that under the § 1B1.13 provide note 1 (A) through (C) provides for three categories of extraordinary and compelling reason, i.e., "Medical Condition of the Defendant", "Age of the Defendant", "Family Circumstances". See U.S.S.G. § 1B1.13, comment. (n.1 (A)-(C)). Application note 1 (D) provides that the Director of the BOP may determine whether there exists in a defendant's case "other reason" that are extraordinary and compelling other than, or in combination with "the reasons described in the Application Note 1 (A) through (C). U.S.S.G. § 1B1.13, Comment. (n.1 (D)).

The persuade the district court under the "extraordinary and compelling reasons" to grant a compassionate release the defendant need to show the interpretation in the law to support the defendant's release. Mr. Almicar identified the follows "extraordinary and compelling reasons":

1. Petitioner's mother since he was arrested and sentenced to 180 her medical issues has increased and deteriorated her health medical problem, she need the petitioner to take care his 84-years old mother.

2. Petitioner's medical problem health since he was sentenced increased and he presented to this court with his medical record since he is imprisonment.

3. Petitioner's 180 months imprisonment is a "gross disparity"

7.

or "unsually long sentence" in comparison with other drug cases from this district. See Sentencing Commission average sentencing under the drug case.

The nationwide average in the federal court sentencing a defendant with offense level 37, criminal history I, the average sentence from the sentencing commission show that 96 months is the average imprisonment for this type of defendant.

Petitioner in this case receive 180 months, a more longer sentence so far excessive in comparison with other defendant in this district. See United States v. Lemus Castro, 2024 U.S. Dist. LEXIS 129543, Case No. 21-CR-287-01 (AT) (S.D.N.Y. July 23, 2024)( the defendant was sentence to 96 months with offense level 37, criminal history I, with the application a enhancement for credible threat of violence);See also United States v. Eddy Alexander, 2024 U.S. Dist. LEXIS 62546, Case no. 22-CR-326(JPC) (S.D.N.Y. Apri. 4, 2024)(the defendant in this case receive 120 months with the same offense that petitioner in this case received); United States v. Astaiza, 2024, 2024 U.S. Dist. LEXIS 40488, Case no. 16-CR-661(ARR) (E.D.N.Y. March 7, 2024)( the defendant in this case received 101 months under plead guilty to international cocaine distribution, under offense level 37, criminal history I).

The government argued that petitioner's mother health issues no constitute extraordinary and compelling reasons justifying release. The government also said that petitioner no present evidence that his mother is no incapacitated, that her medical record are from 2021. See Exhibit-B attached to this motion.

8.

From this exhibit the court can see that petitioner provided this court with the June 2024, another June 12, 2024 letter from Sr. Mario Fredy Sandoval Castaneda, the doctor for petitioner's mother.

The government wrongly argued that petitioner did not provided this court with the medical record, that the medical record are from 2021. This argument is wrong, the petitioner no only provided this court with his mother's medical record from 2021 and from this year 2024.

Petitioner's brothers  they dont have the economical conditions to takecare or to caregiver for his mother. Petitioner he is the only professional in the family and he is the only one that can provide a better life to his mother's medical health conditions. Petitioner had been in jail five year and no four as the government argued.

This court must find that petitioner's "gross disparity sentence" or unusually long sentence", his health problem and also with his mother's medical conditions, together with the appication under the safety valve and amendment  821, is extraordinary and compelling reasons that this court can find to grant Mr. Almicar's release to Guatemala his natal country. So under the § 1B1.13(b)(5) the court can consider "other reason" that this court can find to implementing the extraordinary and compelling reason in petitioner's compassionate release.

4. The section 3553(a) factors weigh heavily against release.

In the last argument by the government's opposition to this court grant Mr. Almicar's compassionate release, the government

9.

argued that section 3553(a) factors weigh heavily against Mr. Almicar release. The government argues that the nature and circumstances of the offense remain extremely serious, that petitioner was willing to sell his government, his people, his family and the United States down the drain in order to get the funding to become president.

The Section 3553(a) provides this court with the tool to find which is the more benefit sentence a defendant can receive under the § 3553(a) factor. Petitioner's sentence is a "gross disparity" and "unusually long" applied in this district. Petitioner received 180 months, the sentence that Mr. Almicar received is far longer than the median sentence for murder conviction in the Southern District of New York (median sentence for thirty nine murder cases in 2020 was 155 month). The 3553(a) factor weigh heavily in favor to petitioner's release. He is 64 year old, with no any incident report in his case, before he was arrested in this case, he never used violence or any weapon to this country or his natal country Guatemala.

Petitioner has been a 'model inmate", promptly took responsibility for his actions, has strong family connection. Petitioner also since he was sentenced has served as teacher in the F.C.I. Ray Brook, NY.

Petitioner did not present any danger to this community, the government argued that if petitioner is release he still can recidivism.

In imposing this court a sentence to Mr. Almicar, this Honorable Judge need to find the 'disparity' sentence that will

create if Mr. Almicar receive a sentence far longer than any body.
The petitioner does not pose any type of danger whatsoever to any
person or to the community, as he know the consequences of any
type of misbehavior. Therefore, he would never put himself, his
family, or the public in jeopordy again. The petitioner's record
while in prison clearly reflects the fact he poses no danger to
the community. In Pepper v. United States, 562 U.S. 476, 490-91
(2011), the court held a district court conduction resentencing
"may be highly relevant" to 18 U.S.C. 3553(a)(2)(B) and (C).
Rehabilitation alone can not be a base to grant compassionate
releas, but can be considered for extraordinary and compelling
reason presented in this case.

Presidente Abraham Lincoln one wrote " I have always found that
mercy bears richer fruits than strict juice." Speech in
Wanshington, D.C., 1865. The petitioner is seeking the same mercy
that President Lincoln spoke about. United States v. Kibble, 992
F.3d 326 (4th Cir. 2021)(Gregory, C.J.,) (I recognize the breadth
of 18 U.S.C. § 3582(c)(1)'s text not to discount the seriousness
of some criminal offense, but give effect to the policy choice
that Congress made plain: When extraordinary and compelling
circumstances exist, event the most serious offenders may be
eligible for mercy.").

CONCLUSION

Accordingly, for the reasons explained above, petitioner ask
respectfully to this honorable judge to grant his compassionate
release.

11.

Date: 08-27-24

Respectfully submitted

Mario Almicar Estrada Orellana
Reg. 18096-104
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

12.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, Mario Almicar Estrada Orellana, that on
_08-27_, 2024, a copy of the foregoing was filed via mail room
to this court and notice of this filing will be send to the AUSA
(United States Attorney Office) from the Southern District of New
York. This document was sent via mail room with stamped and
certificated envelope in F.C.I. Ray Brook, New York.


Clerk of the Court
Southern District of New York
500 Pearl Street
New York, NY 10007



Assistant United States Attorneys
Jason A. Richman
Mattew J. Laroche
1 Saint Andrew's Plaza
New York, NY 10007



/s/

# EXHIBIT

# A

WARDEN REQUEST
INMATE REQUEST TO STAFF                          Dated: 6/3/24
BP-A0148

From: Mario A. Estrada   Reg. No. 18096-104
Work assigment: Teacher      Unit: Gen.-B

To case manager or Counselor,
Inmate's Request to Staff, sumitted for consideration for a
Compassionate Release/Reduction in Sentence (RIS) in accordance with
Program Statement 5050.50. In accordance with Program States
5050.50, Compassionate release/Reduction in Sentence. Procedures for
Implementation of 18 U.S.C. § 3582( and 4205. Inmates may initiate a
request for consideration only when there are particularly
extraordinary or compelling circumstances which could not
reasonably have been foreseen by the court at the time of
sentencing.

I have done everything in my power to rehabilitate myself as
demonstrated by my genuinely exceptional accomplishments and
meritorious prison record. I'm not seeking to justify, diminish, or
detract from the seriousness of his offenses.

There is no excuse for my past actions, I have made exceptional
strides in bettering himself. My record of rehabilitation can be
considered extraordinary, and spells out what Congress intended when
it stated that a sentence should be sufficient but not greater than
necessary to achieve the goals of sentencing one of which is
rehabilitation. I have completed numerous rehabilitative programs.

Accordingly, the US Sentencing Commission's promulgation of this new
§ 1B1.13 provision serves to functionally "overrule" any and all
court precedents that nonretroactive changes in law cannot be the
basis for a statutory sentence reduction under 18 U.S.C. §.
3582(c)(I)(A).

The new categories that could make an inmate eligible for
compassionate release include:

(1) SAFETY VALVE NEW LANGUAGE. See United States v. Kissi, 469 F.
Supp. 3d 21, 2020 U.S. LEXIS 118956 (E.D.N.Y. June 26, 2020).
(2) Amendment 821 "zero point offender).

This new amendment to the Sentencing Guideline is under the §
1B1.13(b).(5) "other reason" this Warden can find to grant this
petition.

Inmate in this petition ask to please give full consideration to the
instant request.

Mr. HIGGINS
UNITED MANAGER.

Respectfully submitted,   RECIBIDO
                          061824   11:10 HORAS.

# EXHIBIT

# B

Dr. MARIO ENRIQUE GODOY MENENDEZ
Médico y Cirujano
COLEGIADO 2883
1ra. Calle A 1-84 Zona 2 Barrio la Esperanza
Jalapa, Guatemala C.A. Tel. 79224616

TO WHOM IT MAY CONCERN:

I certify that : Zoila Esperanza Orellana de Estrada, 83 years old, is my patient since 12    years ago, suffering of Arterial   hypertension congestive heart failure and low vision in both eyes, needing some times of to be in the hospital when hers diseases worsens. Ultimatley She is in depresión so I has to see her more frecuentley.-

Sincerelly

Jalapa, Guatemala , june ,  2024.

Mario Enrique Godoy Menéndez MD
Colegiado 2883





Teléfono: 2331-7668/7/6
6a. Av. 3-22 Zona 10, Centro Médico II,
7mo. Nivel, Clínica 701, Guatemala, C.A.
E-mail: clinicaoncologicadedia@gmail.com

# C e n t r o
## Oncológico

The undersigned physician and surgeon Mario Fredy Sandoval Castañeda, graduated from the Universidad San Carlos de Guatemala, active member five thousand two hundred and fifteen, CERFIES THAT: The patient Zoila Esperanza Orellana de Estrada, eghty-three years old, came to this clinic for the first time on the twenty-first day of January of the year two thousand two, with the problem of Meniere's syndrome, hyperuricemia and hypercholesterolemia associated with these pathologies, he also presents a lumbar spine problem, for which tomography studies have been performed in which in which left lateral protusion type hernias are evident. Mainly L4-l5 without evidence of significant compression on nerve roots. The patient is stable during follow-up, but due to her age, these diseases are osteodeenerative and require periodic control so that she can be stable and with adequate control or her pain. Diet and physiotherapy were recommended to improve the mobility of her joints and tendons, and muscles. And for the legal uses that suit the interested party, this Medical Certificate extended, signed and sealed, in Guatemala City on day June tenth of the year two thousand twenty four



Dr. Mario Fredy Sandoval Castañeda
Hemato - Oncología
.J. 5215

A quien interese

El infrascrito médico y cirujano colegiado 6578 CERTIFICA

El pasado 13 de Abril del presenta año operé en el Centro Médico a Soila Esperanza Orellana Estrada. Con diagnóstico de tumor del tiroides derecho.

Se le realizó tiroidectomía derecha, y egreso 24 horas después con buena evolución.

Fue vista a las 2 semanas para retiro de puntos.

Para los fines legales de la interesada, se extiende, firma y sella la presente certificación, en la ciudad de Guatemala, a los trece días del mes de junio del año dos mil veinticuatro.

Dr. Miguel Martínez Noack

Colegiado 6578






C e n t r o
Oncológico

Guatemala 12 de junio de 2024.

INFORME MÉDICO
PACIENTE:
VILMA CONSUELO ESTRADA ORELLANA DE RODRÍGUEZ

La paciente Vilma Consuelo Estrada Orellana de Rodríguez de 59 años de edad que vino por primera vez a esta clínica en marzo del año 2006 a quien se le diagnóstico tumor cerebral, glioblastoma mixto grado III el cual fue operado en su totalidad y posteriormente se le dio radioterapia y quimioterapia por vía oral; la evolución de la paciente ha sido muy satisfactoria y se encuentra en control oncológico no habiendo tenido ninguna recaída hasta el día de hoy, asociado presenta enfermedad péptica con reflujo y colon irritable debido al estrés que maneja en su vida diaria, siempre se le ha recomendado hacer dieta y controles de laboratorio y radiológicos. Cualquier otra información médica con gusto será proporcionada.

Dr. Mario Fredy Sandoval Castañeda
Hemato - Oncología
Col. 5215



# Sanatorio La Esperanza

## 2DA. CALLE 1-56 ZONA 1 JALAPA TEL. 7922-3948 DR. LUDIM RUIZ

El infrascrito medico hace constar que soy médico de cabecera de la paciente ZOILA ESPERANZA ORELLANA Y ORELLANA de 80 años de edad quien se identifica con Numero Personal de Identificación 1809 07794 2106 quien ha consultado en este centro en múltiples ocasiones desde 16 de marzo del año 2016 por:

- HIPERTENSION ARTERIAL CONTROLADA
- NEUROPATIA PERIFERICA

Logrando mejoría por periodos cortos con tratamiento ambulatorio de:

- GABAPENTINA
- PREGABALINA

Se extiende la presente a los 16 días del mes de junio del presente año 2021 para los usos que la paciente requiera

Dr. Ludim Fernando Ruiz Montenegro
Medico y Cirujano
Col. 13,281

### Dr. Ludim Fernando Ruiz Montenegro



No. 778604

 *Colegio de Médicos*
*y Cirujanos de Guatemala* 

*Certificado Médico*



EL INFRAESCRITO MEDICO Y CIRUJANO CON MAESTRIA EN MEDICINA INTERNA, QUE SE IDENTIFICA CON NUMERO DE COLEGIADO 15187, EGRESADO DE LA FACULTAD DE CIENCIAS MEDICAS DE LA UNIVERSIDAD DE SAN CARLOS DE GUATEMALA A CONSTAR QUE:

- **ZOILA ESPERANZA ORELLANA y ORELLANA**     de 80 años padece de:

  o **HIPERTENSION ARTERIAL GRADO I CON ACTIVIDAD SIMPATICA ELEVADA.**
  o **RINOSINUSITIS.**

Paciente quien consulta por primera vez el 17 de noviembre 2014 y por ultima vez el 11 de diciembre 2020, con tratamiento de CONVERSYL 5 mg + NEBILET PLUS 5/25 MG + AVAMYS. Detalle diagnóstico de las últimas citas:

- 20/04/15: dislipidemia mixta + hipertensión arterial (HTA) grado I
- 21/07/15: hipertensión arterial controlada + sobrepeso.
- 05/10/15: vértigo agudo + rinosinusitis + HTA + sobre peso.
- 13/10/15: dislipidemia mixta + HTA + sobrepeso.
- 20/11/15: rinosinusitis (se envía a otorrino)
- 11/12/15: crisis de ansiedad + vértigo+ HTA
- 21/05/18: crisis de ansiedad + neuralgia + HTA
- 06/12/18: control normal
- 09/04/19: exacerbación de la rinosinusitis + reflujo gástrico.
- 08/11/19: CONTINUA CON TRATAMIENTO REFLUJO GASTRICO.
- Ultima cita 11 de diciembre 2020 con HTA CONTROLADA aun con rinosinusitis pendiente de prueba de sueño.

*paciente ha cursado con crisis de ansiedad y depresión por problemas familiares. Pendiente de ser evaluado por salud mental*

Extiendo certificado médico en jalapa 16 de junio 2021

Dr. Pedro Luis Artero B

DR. PEDRO ARTERO BRAMSc/ Medicina Interna

MEDICINA INTERNA

Col. 15,187

TELEFONO MOVIL 502 42160086 clinica 502 79228151

peter.artero@gmail.com

*Nombre del médico (a):* _____

*Dirección:* _____                                    *Teléfono:* _____

DECRETO 92-98 DEL
CONGRESO 7-9-98
TIMBRE MÉDICO
Q. 5.00
CINCO QUETZALES

DECRETO 92-98 DEL
CONGRESO 7-9-98
TIMBRE MÉDICO
Q. 5.00
CINCO QUETZALES

# NORTH LAKE CORRECTIONAL FACILITY
## DEPARTMENT OF EDUCATION

# Certificate of Appreciation

THIS CERTIFICATE IS AWARDED TO

## MR. MARIO ESTRADA

FOR YOUR DEDICATION AND HARD WORK TO MAKE AN IMPACT IN

THE EDUCATION DEPARTMENT

ON THIS 10TH DAY OF JUNE IN THE YEAR 2022.



| | | |
|---|---|---|
| MS. RAJKA RUSH | MR. DOUG BRANNAN | MS. CRISTINE BERKE |
| DIRECTOR | LIBRARY ASSISTANT | INSTRUCTOR |

*"In ordinary life, we hardly realize that we receive a great deal more that we give, and that it is only with gratitude that life becomes rich"*

*— Dietrich Bonhoeffer*

GEO
Geo Services

‹18096-104›
Mario Estrada-Orrellana
PO BOX 900
FCI RAY Brook
RAY Brook, NY 12977
United States

U.S. POSTAGE PAID
FCM LG ENV
SARANAC LAKE, NY 12983
SEP 06, 2024
$0.00
S2324H500237-05

10007

*Retail*

RDC 99

USM4P
SDNY

RECEIVED
SEP 10 2024
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
SEP 10 2024
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
SEP 10 2024
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
SEP 10 2024
CLERK'S OFFICE
S.D.N.Y.

*Lega/ Mail*

FREEDOM FOREVER/USA

‹18096-104›
Clerk Of Court S Distict Ny
500 Pearl ST
NEW YORK, NY 10007
United States

7018 1130 0000 7493 9671



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

FCI RAY BROOK
P.O. BOX 300 RAY BROOK, NEW YORK

DATE: 9-6-24

"The enclosed letter was processed through special mailing
procedures for forwarding to you. The letter has neither been
opened nor inspected. If the writer raises a question or problem
over which this facility has jurisdiction, you may wish to return the
material for further information or clarification. If the writer
enclosed correspondence for forwarding to another addressee, please
return the enclosed to the above address."