```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     -against-<br><br>MARIO AMILCAR ESTRADA ORELLANA,<br><br>          Defendant. | 19-cr-328<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

Mario Amilcar Estrada Orellana -- who is currently serving a 15-year sentence for his involvement in a cocaine-distribution conspiracy -- moves for compassionate release under 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2). His primary argument in support of his motion relies on Amendment 821 of the Sentencing Guidelines. See Estrada Orellana Mem. at 4, 15-16. He also identifies personal circumstances that he argues constitute extraordinary and compelling circumstances, including his own age and health, his mother's health, and his efforts at rehabilitation. See id. at 16-19. The Court concludes that Estrada Orellana does not qualify for relief under Amendment 821 and has not identified extraordinary and compelling reasons warranting a reduction of his sentence. In addition, the Court also finds that the factors outlined in 18 U.S.C. § 3553(a) do not support a sentence reduction.

Before turning to the merits, the Court considers the Government's argument that Estrada Orellana failed to exhaust his administrative remedies. As the Government correctly observes,

1

section 3582(c)(1)(A) provides that a defendant may seek compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Government shares that "the Bureau of Prisons has informed [it] that it has no record of any compassionate release request from the defendant." Gov't Mem. at 7. Estrada Orellana, however, submits a letter that he claims was submitted to the warden of his facility. See Ex. A to Estrada Orellana Mem. He also provides a sworn statement from another inmate, in which that inmate "declare[s] . . . under Penalty of Perjury" that he "saw I/M Estrada when approached [sic] Mr. Higgins, Unit Manager and delivered an envelope which Mr. Estrada said was his application for Compassionate Release." ECF No. 56 at 4. Because Estrada Orellana has submitted some evidence indicating that he delivered his request to prison officials, the Court assumes, for purposes of deciding the instant motion, that he has satisfied the administrative-exhaustion requirement.

Estrada Orellana argues that he is eligible for a sentence reduction in light of Amendment 821 to the United States Sentencing Guidelines, which provides a two-point offense level reduction for "certain zero-point offenders." Section 3582(c)(2), which permits

2

a court to modify a sentence when "a sentencing range . . . has subsequently been lowered by the Sentencing Commission," governs Estrada Orellana's motion. That provision "establishes a two-step inquiry": "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."[1] <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010). Section 1B1.10, in turn, provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments listed in subsection (d) [including Amendment 821] is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A).

Amendment 821 lists certain criteria that a defendant must meet for the two-level reduction to apply. Relevant here, it applies only if "the defendant did not use violence or credible threats of violence in connection with the offense." U.S.S.G. § 4C1.1(a)(3). Estrada Orellana does not meet this criterion. He stipulated in connection with his plea that an enhancement under the Guidelines applied because he "used violence, made a credible threat to use violence, or directed the use of violence." PSR ¶ 6. Specifically, even though their plan was ultimately called off,

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

3

Estrada Orellana and his co-conspirator had discussed with the confidential source and undercover officer the possibility of assassinating certain political rivals. Id. ¶ 24. Estrada Orellana's stipulation means that he is not eligible for relief under Amendment 821.[2]

Estrada Orellana also has failed to demonstrate that extraordinary and compelling reasons warrant reducing his sentence. He first argues that he is entitled to a sentence reduction because of his "age and his medical problem circumstances." Estrada Orellana Mem. at 16. Specifically, he notes that he has "hypertension" and that he is "64 years old." Id. at 16-17. And, in his view, these factors put him at increased

---

[2] Estrada Orellana also devotes a significant part of his motion to challenging the Court's consideration of safety-valve eligibility at his sentencing. To start, Estrada Orellana does not identify a legal basis for raising these arguments in his compassionate-release motion. More directly, the Court thoroughly considered his safety-valve eligibility at sentencing. To that end, the Court "assume[d] for purposes of the sentencing that he [was]" eligible for the safety valve. Sent'g Tr. at 2:24-25. When defense counsel cited the safety valve as a reason for the Court to award a below-Guidelines sentence, the Court clarified that the "[s]afety valve makes him eligible for a sentence below the mandatory minimum" but that "[i]t does not dictate that it be a sentence below the mandatory minimum." Id. at 3:16-18. And after announcing a sentence of 15 years, the Court reiterated that it had "assume[d] the safety valve applied" because "in fairness to the defendant" the Court "thought . . . that it would be better to assume that and take that into account." Id. at 18:16, 18:22-24. In sum, setting aside that Estrada Orellana has identified no legal basis for raising an argument about the safety valve at this time, he is wrong to assert that "he did not received [sic] a full application under the safety valve for downdeparture [sic] in comparison with other cases." Estrada Orellana Mem. at 14.

4

risk for contracting COVID-19. But Estrada Orellana has shown neither that his facility has failed to treat his condition nor that the BOP has failed to contain COVID-19 in his facility, more than a year after the COVID-19 public health emergency ended in May 2023. To the contrary, Estrada Orellana's medical records indicate that the BOP has regularly attended to his medical concerns. See generally Ex. A to Gov't Mem.

Estrada Orellana next argues that he is entitled to a sentence reduction based on his mother's health issues. "[T]he Court has been freed by Brooker to consider the myriad of family circumstances that might warrant granting compassionate release." See United States v. John, No. 15-cr-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Under the Sentencing Guidelines, a sentence reduction may be warranted where the defendant's parent is "incapacitat[ed]" and the defendant is the parent's "only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C). Estrada Orellana explains that "his 84 years old mother had presented a hypertension arterial Grade 1 and different others heath [sic] problem." Estrada Orellana Mem. at 17.

But even assuming that his mother is "incapacitated," Estrada Orellana has not demonstrated that he is her "only available caregiver." The PSR reflects that defendant comes from a large family. PSR ¶ 71. He has a "good relationship" with his five siblings, all of whom still live in Guatemala. Id. ¶ 72. Estrada

5

Orellana himself has four adult children, who also live in Guatemala. Id. at ¶¶ 75-76. Without any evidence that Estrada Orellana's family structure has significantly changed in the five years since his sentencing, the Court cannot conclude that he is the only available caregiver. See United States v. Sanchez, No. 01-cr-74, 2023 WL 7103277, at *6 (S.D.N.Y. Oct. 27, 2023) ("While the external commitments of [the defendant's] family members might make caretaking difficult, that is merely the inevitable circumstances families face when a family member is incarcerated, not an extraordinary and compelling reason to reduce a sentence.").

Last, Estrada Orellana's description of his own "rehabilitation" fails. "The only statutory limit on what a court may consider to be extraordinary and compelling is that 'rehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)); see also United States v. Halliburton, No. 20-cr-499, 2024 WL 3014179, at *1 (S.D.N.Y. June 13, 2024) ("[T]he statutory language expressly provides that rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Of course, the Court is pleased to learn that Estrada Orellana has participated in rehabilitative programs, but his commendable

efforts do not constitute an independent ground for reducing his sentence.

Finally, even if, contrary to fact, Estrada Orellana had presented extraordinary and compelling circumstances or had demonstrated his eligibility for relief under Amendment 821, he would still not qualify for a sentence reduction, because the 18 U.S.C. § 3553(a) factors strongly weigh against reducing his sentence. Estrada Orellana participated in a "despicable" scheme, in which he was "willing to sell his government, his people, his family, and the United States down the drain in order to get the funding to become president." Sent'g Tr. at 5:13, 6:15-17. Indeed, the Court at sentencing observed that his conduct merited a sentence of more than 20 years' imprisonment but was ultimately "persuaded by all the positive things in this defendant's life" and thus sentenced him to only 15 years. Id. at 16:16-21. Under these circumstances, the Court declines to disturb Estrada Orellana's sentence.

For the above-stated reasons, Estrada Orellana's motion for a sentence reduction is hereby denied.

SO ORDERED.

New York, NY
March 11, 2025

_____
JED S. RAKOFF, U.S.D.J.